IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


FILED
MAY 1 4 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.  Criminal No. 3:02CR95
    Civil Action No. 3:13CV16

ATARAH McQUINN

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 14, 2005 the Court denied a motion under 28 U.S.C. § 2255 filed by Atarah McQuinn. On December 20, 2012, the Court received "Defendant's Motion to Vacate Sentence Under 28 USC § 2255, Alternative Petition for Relief Under 22 U.S.C. § 2241, Alterative Petition for writ of Coram Nobis and; Alternative Petition for writ of Audita Querela." (ECF No. 197 ("Motion to Vacate").) This document must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

McQuinn's Motion to Vacate challenges her sentence as unconstitutional and falls squarely within the ambit of 28 U.S.C. § 2255(a). See 28 U.S.C. § 2255(a) (permitting a federal inmate to challenge his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution"). Thus, the motion is properly construed as an unauthorized, successive 28 U.S.C. § 2255 motion. See Melton, 359 F.3d at 857. Because the Fourth Circuit has not authorized this

Court to hear McQuinn's Motion to Vacate, the Motion to Vacate (ECF No. 197) will be dismissed for want of jurisdiction.

The Clerk is directed to send a copy of this Memorandum Opinion to McQuinn and counsel for the United States.

Date: May 14, 2013
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge